By the Court.—Horace Russell, J.
The only question in this case is whether the plaintiff made out a cause of action which could be included within section 5117 U. S. Revised Statutes, which is : “ No debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy ?’
1 am unable to see any distinction between the case at bar and that of Hennequin v. Clews (77 N. Y. 427). When the complaint in this case was drawn, it would seem quite certain that no distinction was contemplated by the pleader, for it alleges a bare conversion, and not *187 those suggestions of fraud now relied on to distinguish this case from that. It is now claimed that inasmuch as, some time previous to the purchase of this stock, when the plaintiff contemplated removing his account from the defendants, he was assured of their solvency ; such assurance, connected with the subsequent failure, and conversion of his stock, amounts to a fraud with reference to the conversion.
This reasoning is very far-fetched. There is no proof that the defendants were insolvent at the time such assurances were given, and if they were, it would make no difference. There is no pretense that the plaintiff was induced to buy the stock in question by the defendants. On the contrary, they endeavored to dissuade him from the purchase. Nor would it make any difference that, on a general striking of their accounts, it would be made to appear that at the time of the purchase the plaintiff was entitled to a balance large enough to entirely pay for the stock, though the plaintiff’s assertion on that subject is entirely overthrown by the proof that when the stock was sold, the sum due the plaintiff from the defendants, was considerably less than the amount at which the stock was sold.
In Hennequin v. Clews (supra), the plaintiff was the absolute owner, by previous purchase, of the bonds, and they were deposited only as against a contingent liability which, so far as appears, had not yet become an actual one, but it was held that the conversion there did not bring the case within the section of the bankrupt act quoted. No more does the proof here.
The exceptions should be overruled and judgment rendered for the defendants, with costs.
Sedgwick, Ch. J., and Freedman, J., concurred.